## FLURY *v.* HIGHTOWER BOX AND TANK COMPANY.

This being a suit for recovery of damages on account of personal injuries, and it appearing from the evidence for the plaintiff that his opportunities of discovering the defective condition of the machine, in the operation of which the injuries complained of were received, were equal or superior to those of the master (the defendant), and that he had in fact observed the defects, recovery by the plaintiff would have been unauthorized by the evidence, and the court did not err in granting a nonsuit.

Submitted November 13, 1908.—Decided March 10, 1909.

Action for damages.　Before Judge Ellis.　Fulton superior court.　April 3, 1908.

*Ben. J. Conyers* and *Walter T. Colquitt,* for plaintiff.

*Smith, Hammond & Smith,* for defendant.

BECK, J.　The plaintiff brought suit against the defendant company for the recovery of damages for injuries alleged to have been sustained by him while engaged as an employee of the company in operating a machine, known as a rip-saw.　In the declaration it is averred that the machine, which he was directed to operate, was defective, in that the opening of the table, through which the saw ran, was worn by constant use until it was larger than it should have been; and that the saw had too much play while in operation through the opening.　It is also alleged that the defective and dangerous condition of the saw was not known to the petitioner, but was known to the defendant.　The plaintiff further alleged, that he did not know of the defects; that they were not discoverable by him in the exercise of ordinary care; and that he had not equal means with the defendant of discovering the defects.　While he was engaged in sawing narrow strips of lumber upon said saw, one of the strips was caught in the saw, pulled down in the opening through which the saw revolved, and plaintiff's right hand was carried with the piece of plank down and against the saw, with the result that the thumb and fingers on that hand were cut off.

After the plaintiff had introduced testimony and closed his case, the court, upon motion of the defendant, granted a nonsuit; and this judgment is excepted to. Under the evidence, the court did not err in rendering the judgment complained of. The defects in the machine which the plaintiff was engaged in operating when he received the injuries stated, as appears from the testimony of the plaintiff himself, were not only discoverable in the exercise of ordinary care, but they were defects which were as well known to the plaintiff as to the defendant, if not better. He was a man of intelligence and experience. He had been employed for several months in the operation of saws of different kinds, and had been engaged for two months, or longer, in the operation of the rip-saw, by which his hand was mutilated. He had seen and noticed the width of the aperture, through which the saw revolved. He saw and knew the width and thickness of the plank that was being sawed at the time his fingers were brought in contact with the revolving saw. While the specific defects in the fitting of the saw had not been pointed out to him, he had observed them, and he had been cautioned generally as to the danger of coming in contact with the saw itself. If the operation of the machine was dangerous at the time the injuries complained of were received, the plaintiff assumed the risk, with all the defects patent and staring him in the face. Under the facts of this case, a verdict for the plaintiff would have been entirely unauthorized by the evidence.

But counsel insist that a general demurrer to the petition had been overruled, and that all the material allegations were supported by evidence. This proposition can not be assented to. The vital and essential allegation that the defective condition of the machine—that is, the table and the aperture of the same, through which the saw revolved—"was unknown to plaintiff, was not discovered by him in the exercise of ordinary care, and plaintiff had not equal means with defendant of discovering said defect," does not find support in the evidence of plaintiff himself. Besides this, other material allegations in the declaration were contradicted by the evidence.

*Judgment affirmed. Cross-bill of exceptions dismissed. All the Justices concur.*