12176. NICHOLS *v.* ATLANTIC ICE & COAL CORPORATION.

HILL, J. 1. Where suit is brought by a servant against his master for injuries resulting from defective machinery, it must appear, before there can be a recovery, that the servant injured did not know and had not equal means of knowing of the defective condition of the machinery alleged to have caused his injury, and by the exercise of ordinary care could not have known thereof. Civil Code (1910), § 3131.

2. It affirmatively appearing, from the allegations in the petition, that the alleged defect in the rip-saw, and the insufficient assistance constituting the ground of negligence for which the damages were claimed, were not only known but fully realized by the plaintiff, and that, notwithstanding this knowledge and realization, he undertook the risk of operation, it must follow that he assumed the risk of any danger consequent to such operation, and was therefore not entitled to recover damages. *Flury* v. *Hightower &c. Co.*, 132 *Ga.* 300 (64 S. E. 72); *Butler* v. *Atlanta Buggy Co.*, 10 *Ga. App.* 175 (73 S. E. 25).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 26, 1921.

Action for damages; from city court of Atlanta — Judge Reid. October 16, 1920.

Application for certiorari was denied by the Supreme Court.

Nichols sued the Atlantic Ice & Coal Corporation for damages on account of an injury alleged to have been received while he was running a rip-saw for the defendant at its plant

in Atlanta. The allegations of his petition are substantially as follows: Except in a general way, he was unfamiliar with the operation of rip-saws, and did not know when they were in a defective condition. The rip-saw which he was operating was defective, in that it had no shield over it for the protection of any one who might be operating it, and also had a wobble, or a kink in it which caused it to wobble when it was being used. While he knew of this defective condition and knew that it was difficult to saw wood with the rip-saw in that condition, he did not know that it was dangerous. He had a helper employed to assist him in the operation of the saw, but the day before he was injured this helper was taken away from him by the defendant, and on the day of the injury he was ordered to saw a board about four inches wide and about three-quarters of an inch thick with the saw, and having no helper with him it was necessary for him to hold both ends of the board and work the board through the saw, and while he was engaged in doing this the wobble or kink in the saw caused it to catch and jerk up the board, thus catching his hand in the saw and cutting off his fingers. The specific negligence alleged was: (1) that the defendant did not provide the saw with a shield; (2) that the plaintiff had been put to work with this saw in its defective and dangerous condition without proper warning; (3) that the plaintiff's helper was taken away over his protest at a time when the services of the helper would have prevented the accident; and (4) that the plaintiff was not provided with a safe place and safe instrument for work. A demurrer was filed, on the following grounds: (1) No cause of action is set forth; (2) the plaintiff was injured by an assumed risk; (3) the petition does not allege that the plaintiff did not know of the defective condition of the saw and had not equal opportunity with the master of knowing thereof; (4) the petition discloses that the plaintiff did know of the defective condition of the saw, and with this knowledge assumed the risk of its condition; and (5) the petition discloses that the plaintiff knew that his helper had been removed and that the removal of the helper increased the danger in the work, and, with the knowledge of such increased danger, he nevertheless continued at the work, and therefore assumed the risk of such

increased danger.   The demurrer was sustained and the petition dismissed, and the plaintiff excepted.

*Anderson & Slate, J. L. Anderson,* for plaintiff.

*McDaniel & Black,* for defendant.